UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM SHAW,<br><br>                      Petitioner,<br>    v.<br><br>TIM GARRETT, *et al.*,<br><br>                      Respondents. | Case No. 3:23-cv-00063-MMD-CSD<br><br>ORDER |

*Pro se* Petitioner William Shaw filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) On February 14, 2023, this Court ordered Shaw to show cause why the Petition should not be dismissed as moot, unexhausted and/or untimely. (ECF No. 4.) Shaw responded and moved for a stay. (ECF Nos. 9, 10.)

Regarding mootness, the Court previously noted that even though Shaw was incarcerated for other convictions at the time he filed his Petition, the Nevada Department of Correction's inmate locator search showed that his convictions under his instant judgement of conviction have been "discharged." (ECF No. 4 at 1-2.) As such, the Court noted that it appeared that Shaw was no longer "in custody" for purposes of federal habeas jurisdiction since his sentence was fully expired before his Petition was filed. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Shaw now alleges that his convictions under his instant judgment of conviction were aggregated with his convictions from his other judgments of convictions, and this aggravation "restructure[d his] multiple sentences into a single sentence." (ECF No. 10 at 2.) Shaw also alleges that he is required to register as a sex offender. (*Id*. at 3.) Neither of these allegations are evident from Shaw's judgment of conviction. (ECF No. 1-1 at 20-21.)

Regarding exhaustion, the Court noted that Shaw's state habeas petition was filed simultaneously with his instant Petition, so Shaw's three ineffective assistance of counsel claims in his Petition have not been considered by the state courts. (ECF No. 4 at 5.) Shaw now explains that his instant Petition is a protective petition, requesting that this matter be stayed while he exhausts his state remedies. (ECF No. 9 at 1-2.)

And regarding timeliness, the Court noted that, absent another basis for tolling or delayed accrual, Shaw's statute of limitations expired on or about September 17, 2022, making his instant Petition, filed on February 13, 2023, untimely on its face. (ECF No. 4 at 3.) Shaw now argues that he is entitled to equitable tolling because he "was prevented from filing a timely habeas petition in either state or federal court due to both the affirmative misadvise of his former counsel and due to fear of violence in the prison system regarding the nature of the charges in his case." (ECF No. 9 at 2.)

Given Shaw's responses to the Court's order to show cause, including especially Shaw's allegations regarding mootness which the Court is unable to verify on the current record, the Court concludes that it would benefit from a response from Respondents.

It is therefore ordered that the Clerk of Court add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1) and electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

It is further ordered that Respondents respond to Shaw's response to the order to show cause (ECF No. 9) within 60 days of the date of this order. Shaw may file a reply within 30 days following receipt of Respondents' response.

DATED THIS 30th Day of May 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE