UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM SHAW,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>TIM GARRETT, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:23-cv-00063-MMD-CSD<br><br>ORDER |

## I.　SUMMARY

*Pro se* Petitioner William Shaw filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) On February 14, 2023, this Court conducted a review of Shaw's Petition and ordered Shaw to show cause why the Petition should not be dismissed as moot, unexhausted, and/or untimely. (ECF No. 4.) Shaw responded and moved for a stay. (ECF Nos. 9, 10.) Given Shaw's responses, the Court concluded that it would benefit from a response, so it ordered Respondents to respond to Shaw's response. (ECF No. 11.) Respondents filed their response on August 30, 2023. (ECF No. 15.) Shaw had 30 days following the filing of Respondents' response to file a reply if he desired. (ECF No. 11.) Shaw has not filed a reply, and his 30-day deadline to do so expired on September 29, 2023. The Court now finds that it lacks jurisdiction over the Petition.

## II.　LEGAL STANDARD

District courts have jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for

a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). A habeas petitioner is no longer "in custody" for purposes of federal habeas jurisdiction if the sentence imposed by the judgment of conviction has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492 (explaining that the Supreme Court has "never extended [the in-custody requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction"); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) ("It is a statutory prerequisite that a habeas corpus petitioner must be 'in custody' at the time the petition is filed. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction.") (internal citation omitted).

## III.     DISCUSSION

Shaw challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County in case number CR20-3230. (ECF No. 1-1 at 20.) On August 17, 2021, the state court entered a judgment of conviction for attempted abuse of a child involving sexual exploitation and soliciting a child for prostitution. (*Id*.) Shaw was sentenced to two concurrent terms of 12 to 36 months. (*Id*.) In its order to show cause, this Court noted that even though Shaw was incarcerated for other convictions at the time he filed his Petition, the Nevada Department of Correction's inmate locator search showed that his convictions in case number CR20-3230 had been "discharged." (*See* ECF No. 4 at 1-2.) As such, this Court questioned whether Shaw was "in custody" for purposes of federal habeas jurisdiction. (*Id*. (citing *Maleng*, 490 U.S. at 492).)

In his response to the order to show cause, regarding mootness, Shaw alleged that: (1) his convictions in case number CR20-3230 were aggregated with his convictions from his other judgments of convictions, and this aggravation "restructure[d his] multiple sentences into a single sentence"; (2) he is required to register as a sex offender even if his judgment of conviction does not provide for such registration; and (3) this Court should construe his Petition as a petition for writ of coram nobis or petition for audita querela. (ECF No. 10 at 2-5.) In their response, Respondents only addressed Shaw's first argument, asserting that the Nevada Department of Corrections did not aggregate Shaw's sentences. (ECF No. 15 at 2.) Rather, Respondents explain that Shaw discharged his sentences for case number CR20-3230 on May 28, 2022. (*Id.*)

The State of Nevada Department of Corrections' Offender Information Summary ("OIS") shows that Shaw's sentences in case number CR20-3230 were not aggregated with his other cases and expired on May 28, 2022. (ECF Nos. 15-1 at 2; 15-2 at 2.) Because Shaw's sentences in case number CR20-3230 were discharged eight months before he filed his instant Petition, Shaw was not "in custody" at the time he filed his instant Petition. *See Maleng*, 490 U.S. at 492.

Shaw attempts to circumvent this conclusion by arguing that he is still "in custody" because he was ordered to lifetime supervision in case number CR20-3230. (ECF No. 10 at 3.) Because Shaw's judgment of conviction in case number CR20-3230 does not mention lifetime supervision (*see* ECF No. 1-1 at 20-21), Shaw fails to support this argument with "competent evidence" as he was ordered to do. (ECF No. 4 at 7.) Further, the Supreme Court has stated that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Notably, "the boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'"

3

*Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). And, relevant here, the Ninth Circuit has held that Nevada's lifetime supervision "conditions do not severely and immediately restrain the petitioner's physical liberty." *Munoz v. Smith*, 17 F.4th 1237, 1239 (9th Cir. 2021). Accordingly, Shaw has not demonstrated that his alleged lifetime supervision conditions are "custodial" within the meaning of § 2254.

Finally, Shaw requests that this Court construe his Petition as a petition for coram nobis or petition for audita querela. (ECF No. 10 at 4.) This Court declines to do so because these writs apply to federal convictions only. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (explaining that a writ of coram nobis is "available to invalidate a defective federal criminal conviction" and a writ of audita querela applies "in the federal criminal context").

## IV.   CONCLUSION

It is therefore ordered that this action is dismissed with prejudice based on a lack of jurisdiction. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the motion for counsel (ECF No. 1-2) is denied as moot.

It is further ordered that the motion for stay (ECF No. 10) is denied as moot.

It is further ordered that the Clerk of Court: (1) file the Petition (ECF No. 1-1); (2) enter final judgment dismissing this action with prejudice; and (3) close this case.

DATED THIS 11th Day of October 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE